| JETERS, J.,
dissenting.
I must respectfully disagree with the majority’s affirmation of the trial court’s grant of the exception of prescription dismissing the plaintiffs suit. In my opinion, the plaintiffs suit was timely filed.
Both the trial court and the majority rely solely on the language of La.R.S. 13:850 in reaching the conclusion that the plaintiffs case had prescribed. However, La.R.S. 13:850 must be construed together with La.Code Civ.P. arts. 5181 et seq., the provisions governing the waiver of costs for an indigent party.
In the matter before us, the accident giving rise to the suit occurred on November 9, 2000. Thus, the plaintiffs November 7, 2001 facsimile transmission was timely. As pointed out in the majority opinion, Monday, November 12, 2001, was *478 a legal holiday. On November 13, 2001, the plaintiff delivered the original signed petition to the clerk of court. This action met the requirements of La.R.S. 13:850(B)(1). However, instead of paying the applicable filing fee and the transmission fee required by La.R.S. 13:850(B)(2)-(3), the plaintiff filed a request to ^proceed in forma pauperis. Relying on the language in La.R.S. 13:850(C), the trial court concluded that the failure to pay these fees was fatal to the plaintiffs defense to the exception of prescription. The majority in this matter agreed.
I do not agree. The plaintiff had five days, exclusive of legal holidays, from November 7, 2001, to pay “applicable filing fee, if any.” La.R.S. 13:850(B)(2) (emphasis added). She also had the right to file a subsequent request for pauper status. La. Code Civ.P. art.' 5183(A). She did so at the time she forwarded the original filing document to the clerk of court. Until the trial court ruled on that request, she was not required to pay costs.
The trial court did not rule on the request to proceed in forma pauperis until November 21, 2001. Additionally, although the trial court denied the plaintiffs pauper status, it also issued an order giving her an additional thirty days in which to post the required costs. The plaintiff timely complied with that order by paying the costs and fees on December 6, 2001. While the additional thirty days exceeded the five-day limit provided in La.R.S. 13:850(B), the trial court had the discretion to extend the time period for the plaintiff to pay the costs.
In enacting La.R.S. 13:850, the legislature could have stated that anyone who takes advantage of facsimile transmission filing waives the right to proceed in forma pauperis.[1] It chose not to do so. In fact, with the deliberate inclusion of the language in La.R.S. 13:850(B)(2), recognizing that there are certain situations where no filing fee is required, it is clear that the statute must be read together with La. Code Civ.P. arts. 5181 et seq. Thus, I would reverse the trial court and remand for further proceedings.

. I recognize that such a provision would raise other issues of equal protection. However, such issues are not before us in this litigation.